Ashburn, J.
When an action is appealed to the district court, it will be there heard and disposed of upon the pleadings and issues made in the court below, unless by leave, in that court given, the pleadings and issues are changed. S. & S. 589; Warner v. Self, 30 Ohio St. 378; 14 Ohio, 437; Wright, 485. We are not, therefore, required in this case to review any portion of the proceedings had in the court of common pleas, on questions either of law or fact.
The record of proceedings in the district court, do not show what disposition was made of defendant’s demurrer to plaintiff’s second reply to the fourth defense. It is equally silent as to the court’s action on the issues of fact made on the fourth defense, by the first and third replies thereto. It does not follow, however, by reason of this silence, that these several issues remained undisposed of, to the prejudice of plaintiff in error. He does not complain of the action or non-action of the court upon these issues of fact; but claims to be prejudiced on the issue of law made by the demurrer in one of two ways :
1. If the district court overruled his demurrer to the *418 second reply to the fourth defense, as did the court of common pleas, then he was prejudiced.
2. If the court failed to dispose of the demurrer, error intervened to his prejudice.
We do not think such to he the necessary or proper conclusion from the state of the record. In support of the judgment, the reviewing court will presume the court did pass upon the demurrer. It raised one of the issues in the case, and the record shows: “ This cause was submitted to the court upon the issues joined between the plaintiff, and said Andrew Kilgore; and the court having heard the .arguments of counsel, and being fully advised in the premises, do find,” etc. All the issues in the case, both of law :and fact, were submitted to the court, and the necessary presumption is, that they were each and all disposed of by the court, the contrary not appearing affirmatively.
The court made two findings, one special, at the request of plaintiff in error, and the other general on the submission of the issues to the consideration of the court.
To the special findings, plaintiff in error excepted ; but (did not except to the general finding. That finding stands as a general verdict, and final judgment thereon with all the presumptions in favor of its validity. The record showing no exception, as a general rule, the court will not go beyond the exceptions raised and assigned to find others, unless the latter be such as affect the jurisdiction of the ■court. 22 Ohio St. 88.
Treating this record as complete, we think one of the following conclusions would necessarily follow, viz., that the demurrer was disposed of in a manner satisfactorily to the plaintiff in error; or, that the issues of fact, made by the pleadings on the fourth defense, were disposed of in such a way that an exception to the determination of the court ■could avail plaintiff' in error nothing; or, that he abandoned his fourth defense. On either consideration, the ruling of the court need not, necessarily, appear in the record; and the court will be considered to have disposed of all the iive issues in the case. For facts presumed, are as effectu *419 .ally established as facts proved, so long as the presumption remains unrebutted. 4 Ohio St. 113; 27 Ohio St. 311; 12 Ohio, 10.
ITad there been a contest in the district court on the issue of law made by the demurrer, determined adversely to plaintiff in error, with which he felt aggrieved, it can hardly be supposed that he would have failed to have saved his right for a review by causing the action of the court to appear on the record, supported by appropriate exception. As it is, no case is made for review on the de■murrer.
A second and principal alleged error is claimed on the special finding of facts and of law as to the rate of interest allowed on the $6,000 note.
It is objected, First, that ten per cent, interest, payable semi-annually, was allowed on the residue of the $6,000 note, after deducting the two credits, one of $1,141.39, and one of $1,000 ; and Second, in computing interest on the last above-named sums semi-annually from the dates when ■they were respectively placed as credits on the original note.
We think the court did not err, in either respect, to the prejudice of the plaintiff in error.
On the 6th of May, 1862, Emmitt and Kilgore, finding that Emmitt’s clerk had, without their knowledge, taken two sums, due Kilgore on the books of Emmitt, and placed them on the original $6,000 note, the parties agreed, upon advice, at the request, and for the benefit, of Kilgore, that a new note should be substituted for the old one, “ corresponding in every respect therewith, as to date, amount, time of payment, and rate of interest, and when payable, and all the credits indorsed thereon, except said credit of $1,141.39, and said credit of $1,000.” This substituted note Emmitt was to accept in place of the original note, and the old note was surrendered. The sums of $1,141.39 and $1,000 to be again placed on Emmitt’s books to the •credit of Kilgore.
This transaction took place after the repeal of the stat *420 ute authorizing contracts for interest at the rate of ten per' cent. It is claimed the law in force at the time the new note was given must control'the rate of interest; that the-new transaction was a new note for the part of the old note unpaid, and a release of the amount that had been paid.
' The new note was not a renewal of the original note ;• but, in legal effect, a substitution of a new note for the old one, with the credits left off. This was not usurious. To constitute the transaction usurious, it is requisite that it should amount to either a loan direct, or to a device for the-purpose of concealing or evading the appearance of a loan* when, in fact, there was one. In the conduct of these parties we discover neither. These sums of money were not paid by Kilgore on the note, but, on the contrary, they were sums of money standing to his credit on the books of Emmitt, which Emmitt had the right to credit on the note,, but which had not been so credited with his knowledge. How these sums of money accrued in favor of Kilgore does not appear. It is clear, however, that they did not come to him with any purpose, on his part, to have them used as payments on the note. Under the findings of fact, these-credits, while not strictly a mistake in law or fact, should not be treated as absolute payments, until known and recognized by the parties as such.
Had the parties agreed that the credits should be erased, and they had been erased, the old note would have been restored to its original amount, and the rate of interest provided for therein not disturbed. The effect of destroying the old note and making a new one, in all respects like it, with the credits omitted, was not a loan of money, but a change of Kilgore’s money, thus misapplied, from the note-to book account. In view of the ascertained facts, it was competent for Emmitt and Kilgore to agree that the credits placed on the note, without their knowledge, should not be treated as payments on the note, and that they should be re-transferred to Emmitt’s books for the use of Kilgore. This was done under advice that the transaction was law *421 ful, and without intention on the part of either party to ■evade the law.
The object and purpose of the parties was that the obligation of Kilgore, and the rights of Emmitt as to the $6,000, should remain the same as if the two credits in ■question had not been indorsed on the note, but remained on the books of Emmitt subject to Kilgore’s order. This is what the parties supposed they had accomplished. The surrender of the original note did not satisfy the original debt, nor any part of it, aud this for the reason the parties ■did not intend its destruction to have that effect as found by the court. The substituted note, in effect, took the place of the original one, and lawfully carries the same rate ■of interest as the old note.
"Where the new transaction is a loan of money, or is a devise for the purpose of concealing or evading the appearance of a loan, but is a loan in fact, made for the purposes of usury, the transaction will not be upheld. For the purpose of ascertaining the true nature of the transaction, the court will scan it carefully, to ascertain its real substance, for the purpose of determining whether it is a diguised loan or something else.
It was competent for the court to allow interest at the rate of ten per cent., with semi-annual rests on the amount ■■of the substituted note after the credits were removed. It follows that the court did not err, to the prejudice of plaintiff in error, in the rate of interest and rests found by the ■•court on either sum.

Judgment affirmed.